[Cite as *State v. Jennings*, 2024-Ohio-3075.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2023CA00158 |
| MONTEZ JENNINGS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Canton Municipal Court,
Case No. 2023 CRB 4558

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 12, 2024

APPEARANCES:

For Plaintiff-Appellee

JASON P. REESE
Canton Law Director

KATIE M. ERCHICK GILBERT
Canton City Prosecutor
218 Cleveland Avenue, S.W.
Canton, Ohio 44702

For Defendant-Appellant

D. COLEMAN BOND
116 Cleveland Avenue, N.W., Suite 600
Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Defendant-appellant Montez Jennings appeals the judgment entered by the Canton Municipal Court convicting him following jury trial of violation of a protection order (R.C. 2919.27) and sentencing him to 180 days in jail. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The victim and Appellant were in a romantic relationship for eight years, and have a child together. In the summer of 2023, the victim obtained a temporary protection order which prohibited Appellant from contacting her. Appellant was served with the order in the Stark County Jail.

**{¶3}** During the evening of September 27, 2023, the victim was driving with her child in the car when she received a telephone call from an unknown number. When she answered the call, she heard a voice saying she had a collect call from Appellant. She recognized the voice on the recording, which stated Appellant's name, as his own voice, and was aware Appellant knew her number from memory. The victim immediately disconnected the call.

**{¶4}** The victim did not immediately report the contact to police because she was tired of seeing Appellant continue to make decisions which got him in trouble. However, two days later she reported the incident to the Stark County Sheriff's Department because she felt she should hold Appellant accountable for his action.

**{¶5}** Deputy Sean Williams went to the Stark County Jail to investigate. He obtained Appellant's call records from the jail. The call received by the victim was traced to Appellant's account and was placed from cell block A2C, where Appellant was housed.

**{¶6}** Deputy Michael Waltz oversees jail calls from the jail. For security purposes, during booking, all inmates are assigned an identification number and a four-digit PIN number to use to make telephone calls. To enroll in the telephone system, a recording is made of the inmate stating their name, their identification number, and "United States of America" three times. An inmate can only proceed to make a call after entering their identification and PIN numbers, and having their voice verified by saying, "United States of America." Because of the level of security, it is rare an inmate has been able to use another inmate's account to place a call. Inmates do not have access to any means which would allow them to obtain personal telephone numbers.

**{¶7}** Appellant was charged by complaint with violating a protection order. The case proceeded to jury trial in the Canton Municipal Court. The jury found Appellant guilty, and the trial court convicted Appellant in accordance with the jury's verdict. The trial court sentenced Appellant to 180 days in jail, with 90 days suspended on the condition of Appellant's good behavior for two years, and credit for 33 days served. It is from the November 6, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT FOR THE OFFENSE OF VIOLATING PROTECTION ORDER.

II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED.

I., II.

**{¶8}** Appellant argues the judgment convicting him of violation of a protection order is against the sufficiency and manifest weight of the evidence because the State did not prove beyond a reasonable doubt he was in fact the person who placed the call, as another inmate could have placed the call using his account.

**{¶9}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

**{¶10}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

**{¶11}** Appellant was convicted of violating a protection order in violation of R.C. 2919.27:

> (A) No person shall recklessly violate the terms of any of the following:

(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;

(2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code;

(3) A protection order issued by a court of another state.

**{¶12}** The victim testified Appellant knew her number "by heart" because they were involved in an eight-year relationship and shared a child. She testified she recognized Appellant's voice stating his name on the prerecorded call.

**{¶13}** Deputy Sean Williams testified he traced the call from the jail call logs to Appellant's inmate account. In addition, the call was placed from the cell block in which Appellant was housed.

**{¶14}** Deputy Michael Waltz testified the system is designed to prevent inmates from using another inmate's account, by requiring an identification number, a PIN number, and voice verification. If the voice stating, "United States of America" does not match the recorded voice in the system, the call will be canceled. While it is possible to bypass the system, Deputy Waltz testified it is not reasonable to believe an inmate who was not Appellant bypassed the security system, knew the victim's personal telephone number, and placed the call using Appellant's account. Deputy Waltz also testified Appellant did not accuse anyone of stealing his PIN number in the jail, and usually theft of PIN numbers inside the jail is reported because inmates pay for telephone calls.

{¶15} From the evidence presented, we find a rational trier of fact could find Appellant placed the telephone call to the victim. We also find the jury did not lose its way in concluding Appellant was the person who placed the call.

{¶16} The first and second assignments of error are overruled. The judgment of the Canton Municipal Court is affirmed.


By: Hoffman, J.

Delaney, P.J. and

Baldwin, J. concur